OPINION
{¶ 1} Kendall Randolph ("appellant"), and his parents, Charles Randolph and Thelma Randolph, appeal from the August 28, 2003 judgment entry of the Geauga County Court of Common Pleas overruling their motion for summary judgment and granting the summary judgment motion of appellee, The Hartford Financial Services Group, Inc.[1]
 {¶ 2} This matter involves an action in which appellant sought underinsured motorist coverage ("UIM") based upon a commercial liability insurance policy issued by appellee to Solon Manufacturing Company ("SMC"), appellant's employer. Appellant was rendered a quadriplegic from injuries he sustained in a motor vehicle accident that occurred on April 1, 1993. The accident was caused by the negligence of an underinsured driver, Poul Kaetstel-Hansen ("Hansen"). Appellant was returning home from his job as a machinist at SMC when the collision occurred. He was operating his own automobile and was not on company business.
 {¶ 3} Appellant initially filed a complaint against Hansen, Concord Township, the Concord Township Board of Trustees, the Concord Township Road Department, Lake County, and the Lake County Commissioners. The township and the county filed motions for summary judgment, which were granted. Appellant appealed. This court affirmed the trial court's judgment in Randolph v.Hansen (Aug. 25, 1995), 11th Dist. No. 94-L-114, 1995 Ohio App. LEXIS 3492, at 16. The Supreme Court of Ohio declined jurisdiction to hear the case. Thereafter, appellant turned to Hansen's coverage under Nationwide and his own coverage under State Farm. Appellant received the policy limits of $100,000 under Hansen's Nationwide policy and another $100,000 under his personal UIM coverage through State Farm.
 {¶ 4} Because that coverage was medically insufficient, on August 29, 2001, appellant and his parents filed a declaratory judgment action against appellee for his injuries and damages. In the complaint, appellant and his parents were seeking a declaration that the policies of insurance provided by appellee to SMC offered appellant UIM coverage for his injuries and damages as a result of the April 1, 1993 accident. The dollar amount of the policies available for coverage totaled $4.5 million. Appellee issued a special multi-flex policy and an umbrella policy to SMC.
 {¶ 5} Appellee filed an answer to the complaint. On June 21, 2002, appellee filed a motion for summary judgment. Appellant filed a separate motion for summary judgment and a reply to appellee's motion on October 31, 2002. In an entry dated August 28, 2003, the trial court granted appellee's motion for summary judgment on the grounds that appellant and his parents were not insured for purposes of the UIM coverage. In that entry, the trial court also overruled appellant's motion for summary judgment. It is from the entry that appellant timely filed the instant appeal and now raises a single assignment of error:
 {¶ 6} "The trial court committed prejudicial error in granting [appellee's] motion for summary judgment and denying appellant's motion for summary judgment."
 {¶ 7} Under his lone assignment of error, appellant alleges that it was error for the trial court to grant appellee's summary judgment motion and deny his motion for summary judgment. Under this assignment, appellant raises four issues for our review. First, appellant claims that under the new standard set forth inWestfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849, the parties to the insurance contract intended to provide liability coverage for off-duty employees. Second, appellant argues that the trial court erred in holding that because appellee's coverage endorsement does not name individual persons as additional insureds, it does not provide coverage to appellant. Third, appellant contends that there are no limitations to coverage. Lastly, appellant maintains that he is entitled to judgment for the limits of the policy coverages.
 {¶ 8} Preliminarily, we note that subsequent to the trial court's decision, the Supreme Court decided Galatis at paragraph three of the syllabus, in which it severely limitedScott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999),85 Ohio St.3d 660.
 {¶ 9} Summary judgment is appropriate when the moving party establishes the following: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come but to one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence construed most strongly in his favor. Civ.R. 56(C).
 {¶ 10} If the moving party meets its initial burden under Civ.R. 56(C), then the nonmoving party has a reciprocal burden to respond, by affidavit or as otherwise provided in the rule, in an effort to demonstrate that there is a genuine issue of fact suitable for trial. Dresher v. Burt (1996), 75 Ohio St.3d 280,296. If the nonmoving party fails to do so, the trial court may enter summary judgment against that party. Civ.R. 56(E).
 {¶ 11} Appellate courts review a trial court's granting of summary judgment de novo. Brown v. Scioto Cty. Bd. of Commrs.
(1993), 87 Ohio App.3d 704, 711. The Brown court stated that "* * * we review the judgment independently and without deference to the trial court's determination." Id. An appellate court must evaluate the record "in a light most favorable to the nonmoving party." Link v. Leadworks Corp. (1992), 79 Ohio App.3d 735,741. In addition, a motion for summary judgment must be overruled if reasonable minds could find for the party opposing the motion. Id.
 {¶ 12} In the instant matter, SMC was listed as the named insured on the front of appellee's policies. The language "you" and "your" refers to the named insureds throughout the policies.
 {¶ 13} Under the Scott-Pontzer theory, "you" has been extended to cover employees of a named corporation under the insurance policy. However, the Supreme Court of Ohio has limitedScott-Pontzer to apply only to employees acting in the course and scope of their employment. Galatis, supra. Specifically, the Supreme Court has held "[a]bsent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment." Galatis at ¶ 62. The Court further stated that, "where a policy of insurance designates a corporation as a named insured, the designation of `family members' of the named insured as `other insureds' does not extend insurance coverage to a family member of an employee of the corporation, unless that employee is also a named insured." Id.
 {¶ 14} Here, after reviewing the record, there is no evidence that appellant was acting within the course and scope of his employment at the time of the accident. He was simply on his way home from work. Thus, he was not covered under either of the insurance policies issued to SMC. Further, neither appellant nor his parents were insureds under the insurance policies issued to SMC. Accordingly, appellant is not entitled to recovery under aScott-Pontzer theory of liability. Id. Thus, there is no need to determine whether an endorsement naming specific individuals as insureds removes the ambiguity surrounding who is covered under an insurance policy where a corporation is the only named insured. Because appellant's accident was unrelated to his employment, appellee's policies issued to SMC do not provide coverage. The judgment of the trial court entering summary judgment in favor of appellee was proper.
 {¶ 15} For the foregoing reasons, appellant's sole assignment of error has no merit. The judgment of the Geauga County Court of Common Pleas is affirmed.
Christley, J., O'Neill, J., concur.
[1] We note that Kendall Randolph and his parents are listed as appellants. However, for purposes of this opinion, appellant will refer to Kendall Randolph alone.